UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| DENNIS LEE THOMAS and | ) | |
| PAULA THOMAS | ) | |
| 6202Afterglow Drive | ) | |
| Louisville, KY 40214-5526 | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 3:16CV-497-DJH |
| | ) | |
| | ) | |
| FAYE SERVICING, LLC | ) | |
| 440 S. LaSalle Street 20th Floor | ) | |
| Chicago, IL 60605 | ) | |
| Serve: REGISTERED AGENTS SOLUTIONS, INC. | ) | |
| 828 Lane Allen Road, Suite 219 | ) | |
| Lexington, KY 40504 | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

Come the Plaintiffs, Dennis Lee Thomas, and Paula Thomas, in person and by counsel, for their Complaint against the Defendant, Fay Servicing, LLC, and state as follows:

1.	The Plaintiffs are residents of Louisville, Jefferson County, Kentucky.

2.	The Defendant is a foreign corporation authorized to do business in the Commonwealth of Kentucky.

3.	The Defendant is a debt collector.

4.	Jurisdiction is proper under 28 USC §1331 in that one of the counts herein arises under federal law.

5.	Venue is proper under 28 USC §1391in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

6.     On February 11, 1998, Plaintiffs entered into a mortgage on their home, a copy of which is attached as Exhibit A, to secure a loan in the amount of $46,723.00, with the CIT Group/Consumer Finance, Inc.   Plaintiffs understand that subsequently the mortgage and note were transferred six times and eventually sold to Caliber Home Loans and then was sold to Vericrest Financial, Inc.; and, thereafter, the mortgage debt was sold to Wilmington Savings Fund Society, FSB d/b/a Christina Trust, as indenture trustee of Citigroup Mortgage Loan Trust, 2014-C, for which the Defendant is the servicing agent. Under the terms of the mortgage Plaintiffs were to pay all taxes and insurance, provided that if they failed to do so, the mortgagee could pay the same and the amounts paid plus interest would be due and payable by the Plaintiffs on demand.   Prior to the sale and assignment of the mortgage to Vericrest Financial, Inc. in August 2013, Caliber Home Loans sent a History Of Account Annual Escrow Account Disclosure Statement, a copy of which is attached as Exhibit B, which reflects that there was a zero ($0.00) dollar balance owed by Plaintiff for taxes. This zero ($0.00) dollar balance was confirmed on August 13, 2015. See Exhibit C attached.

7.     Previously in January 2013, the Plaintiffs had fallen behind four payments on the mortgage.

8.     As of January 2013, property taxes were unpaid for the years 2010 and 2012, because the mortgagors had failed to pay the same.

9.     Plaintiffs received a Demand Letter from Weltman, Weinberg & Reis Co., L.P.A., counsel for Vericrest Financial, Inc. dated January 4, 2013, alleging that Plaintiffs were behind in their mortgage payments in the amount of $10,307.67, which amount included $5,272.29 for Corporate Advances 3 PPTAX, a copy of that letter is attached as Exhibit D.

10.     That Demand Letter received from counsel for Vericrest Financial, Inc. indicated that the loan could be re-instated, if the $10,307.67 was paid by January 31, 2013, with a check

payable to Vericrest Financial, Inc.

11.     Subsequently, Plaintiffs discussed this matter with a Vericrest Financial, Inc. loan officer and determined that the actual total arrearage amount due, as of January 16, 2013, was $9,669.71, which amount was reflected in the re-instatement letter from Vericrest Financial, Inc. dated January 15, 2013, a copy of which is attached hereto as Exhibit E. That letter reflects the amount of $5,272.29, as Amortized Fees, which is the same amount reflected on Exhibit D for property taxes.

12.     On January 15, 2013, Plaintiffs sent to Vericrest Financial, Inc., a Tellers Check in the amount of $9,669.71, a copy of which is attached hereto as Exhibit F.

13.     The Plaintiffs were then up to date on their mortgage payments and Plaintiffs have subsequently timely made all payments on the balance due for principal and interest on the said mortgage.

14.     Additionally, Plaintiffs, since January 15, 2013, paid directly to the taxing authority and insurance carrier all of the property taxes and insurance premiums from the personal bank account of Plaintiff, Dennis Lee Thomas.

15.     On May 21, 2013 Vericrest Financial, Inc. sent Plaintiffs a Delinquent Property Tax Notice for taxes allegedly due for 2010 and 2012. See Exhibit G attached. Then on July 3, 2013, Vericrest Financial, Inc. Plaintiffs sent a Delinquent Property Taxes-Second Notice for taxes allegedly due for 2010 and 2012, Exhibit H attached, even though Plaintiffs had paid Vericrest Financial, Inc. for these taxes, as indicated hereinabove.

16.     On February 3, 2015, the Defendant sent Plaintiffs a letter, a copy of which is attached hereto as Exhibit I, claiming that their account had a negative balance of $5,092.15 due to funds allegedly advanced on behalf of the Plaintiffs; Plaintiffs were advised that this amount was for property taxes for 2010 and 2012, including interest owed by Plaintiffs.

17.     Defendant apparently believed that the monthly amounts paid by the Plaintiffs, included amounts to be paid for taxes and insurance premiums and presumably placed a portion of each monthly payment made by the Plaintiffs in the Defendant's escrow account and failed to apply the full amount paid each month by the Plaintiffs to the balance due on the mortgage for interest and principal, nor did the Defendant pay the property taxes or insurance premiums. See Escrow Account Disclosure Statement dated October 15, 2015 as Exhibit J.

18.     Plaintiffs have consistently paid to the Defendant the sum of $527.55 for the monthly interest and principal amount due.

19.     Plaintiffs have repeatedly attempted, unsuccessfully, to resolve this issue with the Defendant, which has advised Plaintiffs that allegedly the present owner of the loan is Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as indenture trustee of Citigroup Mortgage Loan Trust 2014 C, which entities are Delaware Corporations and are not recognized or authorized to do business in the Commonwealth of Kentucky; and the Defendant advised that these entities are located at the following address: c/o Fay Servicing Inc., LLC, 440 S. LaSalle Street, 20th Floor, Chicago, IL 60605, the same address as that of the Defendant.

20.     Even though Defendant sent Plaintiffs a letter March 26, 2015 stating that an escrow account has not been established on behalf of the Plaintiffs and they are responsible for making payment directly to the taxing authority, see Exhibit K, the Defendant continues to charge and collect the mortgage payments made by the Plaintiffs and adds purported charges for property taxes and insurance premiums to the balance claimed due on the mortgage each month, without giving Plaintiffs full credit for the amount paid for interest and principal. Plaintiffs had repeatedly advised Defendant that they paid the property taxes directly to the taxing authority.

21.     On November 30, 2015 Defendant sent Plaintiff a Mortgage Statement claiming that $2,130.70 was the current amount due for that statement, including $537.80 for taxes and

insurance. See copy of Exhibit L attached.

22.     On December 28, 2015, the Defendant sent Plaintiffs a Mortgage Statement, see Exhibit M attached, claiming that $2,666.60 was due; the Mortgage Statement further reflects money is due for taxes and insurance, which Plaintiffs pay directly.

23.     Plaintiffs have advised the Defendant that they are paying the property taxes directly, which the Plaintiff's have in fact paid, (See Cumulative Exhibit N attached), and Plaintiffs' property insurance company has advised the Defendant that the Plaintiffs are paying the property insurance directly.

24.     The Defendant has continued to claim that it has paid the county property tax and has added the amount purportedly paid for the county property tax to the balance that the Defendant claims it paid.

## COUNT ONE: RESPA VIOLATIONS

25.     The Defendant has failed to comply with RESPA, 12 U.SC. §2605(e) making the Defendant liable for all damages caused by the Defendant including, but not limited to, charging interest and late fees and emotional damages.

## COUNT TWO: FAIR DEBT COLLECTION VIOLATIONS

26.     The Defendant has violated 15 USC §1692 c (a)(2) by continuing to contact the Plaintiffs telephonically regarding the debt of the Plaintiffs, after being advised that the Plaintiffs are represented by an attorney.

27.     The Defendant has violated 15 USC §1692 d (5) repeatedly telephoning the Plaintiffs and leaving messages on their telephone and by engaging repeatedly with the intent to annoy, abuse or harass the Plaintiffs.

28.     The Defendant has violated 15 USC §1692 c (2) by making false representations of the character, amount or legal status of the debt due and owed on the Plaintiff's mortgage.

29.     The Defendant has violated 15 USC §1692 e (11) by failing to disclose the initial written communication with the Plaintiffs, or on several subsequent communications that, "The Defendant was a debt collector attempting to collect a debt and that any information obtained will be used for that purpose", and also, on numerous subsequent communications that the communication is from a debt collector.

30.     Under 15 USC §1692 k, the Defendant is liable to the Plaintiffs in an amount not to exceed $1,000 and for the costs of this action together with a reasonable attorney fee as determined by the court.

## COUNT THREE: CREDIT REPORTING ACT VIOLATION

31.     Defendant wrongly reported to a credit agency that the Plaintiff had failed to make payments in violation of the Fair Credit Reporting Act, 15 USC §1681.

## COUNT FOUR: BREACH OF CONTRACT

32.     Defendant has breached agreements between the parties all to Plaintiffs' damage.

## COUNT FOUR: NEGLIGENCE

33.     Defendant has negligently serviced the aforementioned account with the Plaintiffs.

34.     Defendant's ongoing repeated failure to resolve these issues without necessitating the initiation of the within lawsuit is outrageous and has required the Plaintiffs to employ counsel and expend funds for litigation, all to their damage.

## COUNT FIVE: PUNITIVE DAMAGES

35.     Defendant is liable for punitive damages for its willful, wanton, reckless, disregard for the rights of the Plaintiffs

WHEREFORE the Plaintiffs, Dennis Lee Thomas and Paula Thomas, demand as follows:

1.      That a Declaratory Judgment be entered, which determines the amount of the

Plaintiffs funds held in the Defendant's escrow account for property taxes and insurance premiums and that those funds be applied to the unpaid balance of the mortgage, together with interest on said funds from the date received by the Defendants;

2.      For compensatory damages for the Plaintiffs on their claim for Defendant's outrageous conduct;

3.      For the sum of $1,000.00 pursuant to 15 USC 1692 k;

4.      For interest on any judgment entered herein in favor of the Plaintiffs;

5.      For a reasonable fee for their attorney;

6.      For Plaintiffs' costs herein expended;

7.      For trial by jury of all issues so triable; and

8.      For all other relief to which the Plaintiffs may appear to be entitled.

Respectfully submitted,

/s/ Aaron Kemper
_____
Alan W. Roles
Aaron Kemper
*Attorneys for Plaintiffs, Dennis Lee Thomas
and Paula Thomas*
COLEMAN, ROLES & ASSOCIATES, PLLC
Barristers Hall
1009 South Fourth Street
Louisville, KY 40203
(502) 584-8583 phone
(502) 584-1826 fax